Mr. Justice Johnson,
delivered the opinion the court.
The general rule is that no plea should state two or more facts either of which would of itself independently of the other constitute a sufficient ground of defence, (1 Chitty On Pleading 230;) but the defendant is not precluded from introducing several matters into the same plea, if they constitute parts of the same entire defence and form one connected proposition, (2 Johnson 432, Ibid. 462.) And under this modification it would seem that the defendant might state the time, the place, the manner and all the circumstances attending the payment, so as all connected would lead to that result. But I do not see the necessity of such a plea, nor the benefit that would result to the defendant from it, but on the contrary a possible prejudice ; *466 as he would be confined to the particular facts stated : and although I am not prepared to pronounce such a plea bad, it is at best useless and ought therefore to be discountenanced.
Bowie, for the motion.
jr Craven, contra.
In this case I cannot discover what possible benefit will result to the plaintiff from bis motion, as by the general replication, that the defendant had not paid modo et forma the fact of payment, and the authoi-ity of Newby to receive would be put in issue : Nor can I, on the other hand, conceive what injury would result to the defendant if so much of his plea was stricken out; as under the general averment of payment, he might give in evidence a payment to any person authorized to receive. It is of some importance however that the greatest simplicity should be observed in pleading, and that any thing leading to prolixity or duplicity should be discouraged as much as possible. I am therefore of opinion that the plaintiff’s motion should be granted so far as relates to the allegation that the payment was made to Newby.
Justices Noti and Huger concurred.